IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| THOMAS W. NOE, | ) | CASE NO. 3:11CV1173 |
| | ) | |
| Petitioner, | ) | JUDGE ADAMS |
| | ) | MAGISTRATE JUDGE BURKE |
| v. | ) | |
| | ) | |
| FRANCISCO PINEDA,[1] Warden | ) | |
| | ) | |
| | ) | |
| | ) | **Memorandum Opinion and Order** |
| | ) | (Re: Doc. 12) |
| Respondent. | ) | |

Before the Court is Petitioner Thomas W. Noe's Motion for Case Management Conference (Doc. 12), which he filed on January 4, 2012. On the same date, Respondent filed a Memorandum Opposing Petitioner's Motion. Doc. 13. On January 13, 2012, Petitioner filed a Reply Brief. Doc. 14. For the following reasons, the Court DENIES Petitioner's Motion.

Petitioner seeks a Case Management Conference to discuss "future processing" of this case. Doc. 12, Page 1. Specifically, Petitioner states that he "believes discovery is appropriate with regard to the testimony of John Weglian as outlined in his Traverse and that further testimony might be necessary to fully devdelop [sic] other issues raised." Doc. 12, Page 1. Petitioner also suggests that a Case Management Conference "could deal with the issue of whether a hearing will be held and if so, when." Doc. 12, Page 1. While not clear, the context suggests that Petitioner is referring to an evidentiary hearing. Thus, Petitioner's request for a

---

[1] Respondent notes that Petitioner Thomas W. Noe is incarcerated at Hocking Correctional Facility in Nelsonville, Ohio and that Sam Tambi is the proper party Respondent since he is the Warden of that facility. Doc. 13, Page 1, N 1. F

Case Management Conference apparently is based on his belief that discovery is appropriate and that an evidentiary hearing may be held.  However, Petitioner has not filed a motion seeking either discovery or an evidentiary hearing.  Moreover, neither is appropriate for the reasons set forth below.

Petitioner has filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Doc. 1.  Petitioner has asserted three grounds for relief in his petition.[2]  It is undisputed that these three grounds for relief were adjudicated on the merits.  Doc. 13, Page 3; Doc. 14.[3]  Under controlling case law and the clear language of the statute, this Court is precluded from considering new evidence when reviewing a petition under §§2254(d) where the petitioner's claims were adjudicated on the merits in state court proceedings.  In *Cullen v. Pinholster*, __U.S. __ 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), the Supreme Court emphasized the limited nature of review under Section 2254(d)(1).  The Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits" and that "evidence introduced in federal court has no bearing on § 2254(d)(1) review."  *Pinholster*, 131 S.Ct. at 1398, 1400.  The Court reasoned that the "backward-looking language" of Section 2254(d)(1) "requires an examination of the state-court decision at the time it was made" and that therefore the record under review must be "limited to the record in existence at that same time i.e., the record before the state court."  *Pinholster*, 131 S.Ct. at 1398; *see also Bray,* No. 09– 4151, 2011 WL 1544740, at *4 (6th Cir. Apr. 26, 2011) (quoting *Pinholster,* 131 S.Ct. at 1398); *Brinkley v. Houk*, 2011 WL 6029941, *46-47 (N.D. Ohio December 5, 2011) (applying the

---

[2] Ground One – Improper Denial of Motion to Change Venue; Ground Two – Improper Allowance of Expert Testimony on Behalf of the State; Ground Three – Improper Denial of Noe's Expert Testimony.   Doc. 1.

[3] In its opposition to Petitioner's Motion for Case Management Conference, the State asserts that "Noe does not dispute that the three grounds for relief set forth in his federal habeas petition were adjudicated on the merits in the state appellate court." Doc. 13, Page 3.  In his Reply Brief, Petitioner does not refute this statement.  Doc. 14.

holding in *Pinholster* that review under §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits).

Likewise, review under § 2254(d)(2) is limited to evidence presented in the State court proceeding based on the plain language of the statute itself.  28 U.S.C. § 2254(d)(2); *Pinholster*, 131 S.Ct. at 1400 n.7.  *See also Werber v. Beightler*, Case No. 1:11-CV-400 (N.D. Ohio January 4, 2012) (indicating that "a review under § 2254(d)(2) is also limited to the state-court record.").

Petitioner attempts to argue that *Pinholster* does not preclude discovery or an evidentiary hearing in this case, citing the Ninth Circuit's opinion in *Johnson v. Finn*, 2011 WL 6091310 (9th Cir. 2011).  As noted by Petitioner, *Johnson* involved a claimed *Batson*[4] violation. Doc. 14, Page 3.  As such, the credibility of the prosecutor's race neutral explanation of the reasons for his peremptory challenges to minority members of the jury pool was "the decisive question," requiring in person testimony by the prosecutor.  *Johnson*, 2011 WL 6091310 at *8 (quoting *Hernandez v. New York*, 500 U.S. 352(1991) (internal quotations omitted).

*Johnson* is inapposite.  In this case, unlike *Johnson,* the credibility of the prosecutor is not the decisive question.  Rather, the decisive questions with regard to Petitioner's second ground for relief are whether the trial testimony of the witness David Tripp was in fact impermissible expert testimony and, if so, whether the admission of that testimony entitles Petitioner to habeas relief.  Under *Pinholster*, the answer to those questions must be determined based on the trial record.  *Pinholster*, 131 S.Ct. at 1398.

Because this Court is precluded from considering evidence that was not before the state courts when deciding Petitioner's claims that were adjudicated on the merits, discovery in this case would be futile.  So too would be a Case Management Conference to discuss discovery and

---

[4] *Batson v. Kentucky*, 476 U.S. 79 (1986).

an evidentiary hearing.  Accordingly, Petitioner's Motion for a Case Management Conference is

DENIED.

      IT IS SO ORDERED.

Dated: January 17, 2012

_____
Kathleen B. Burke
United States Magistrate Judge