UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Thomas W. Noe, | ) | CASE NO. 3:11CV1173 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| Francisco Pineda, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |
| | ) | |

This action is before the Court upon objections filed by Petitioner Thomas W. Noe, asserting error in the Report and Recommendation ("the R&R") of the Magistrate Judge. The Court ADOPTS the R&R (Doc. 19) in its entirety. The Petition is DENIED AND DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). The Court has reviewed *de novo* the R&R as it relates to Hopkins' objections. The objections lack merit.

Noe raises two objections to the R&R. First, Noe contends that the R&R erred when it concluded that the state courts had not erred in concluding that any error in the introduction of valuation evidence from lay witness David Tripp was harmless. In his objections, Noe effectively concedes that he is unable to demonstrate the prejudice necessary to warrant relief on this ground. Noe contends that he should be able to demonstrate such prejudice through an

1

affidavit from the jury foreman about the importance placed on Tripp's testimony – an affidavit that this Court struck from the record as improper.

Like the state courts that resolved this matter, this Court similarly concludes that Noe places far more emphasis on the minimal valuation testimony offered by Tripp than the record supports. Tripp offered testimony as follows:

> Tripp testified that on May 26, 2006, they were allowed full access to the Coin Fund inventories. Tripp stated that based upon the inventory lists he had received there did not appear to be enough coins. Tripp testified that they worked from the inventory sheets prepared by VCC employee, Timothy LaPointe. Tripp stated that for CCF I, the five coins in the inventory were present and totaled $63,500. He indicated that based on his experience this was a "fairly correct" ballpark value. The inventory sheet for CCF II had 120 coins listed with a value of $307,155; Tripp stated that the prices "pretty much" reflected the market prices. Finally, Tripp testified as to the RCE coins which had a total purchase price of $781,175; however, Tripp stated that a $610,000 coin was not found. Finally, Tripp commented that "when you have a total aggregate value of 1.1 million and half of it is missing in one coin, it's a fairly heart-stopping moment." Tripp further indicated that other coins found at VCC were of insignificant numismatic value.

Doc. 19 at 20 (citing Doc. 7-1, pp. 600-603). In other words, Tripp testified that the inventory lists and the values reflected thereon appeared reasonable based upon his personal review of the actual inventory. As the state courts and the R&R noted, these inventory lists were submitted without objection from Noe.

Noe, however, contends that this valuation evidence was essentially the lynchpin in the state's theft case against him. In so arguing, he ignores that the evidence was cumulative of the inventory lists themselves. Moreover, even if Noe were able to demonstrate some evidentiary error committed by the state court, he has fallen well short of demonstrating that it was so prejudicial that it deprived him due process and a fair trial. For that matter, within his briefing in this matter, Noe even concedes that any rebuttal expert that he would have placed on the stand "might not have been directly relevant to the charges against him." As such, Noe effectively

admits that the valuation evidence was tangential at best to the charges against. Its admission, therefore, cannot be said to have deprived him of a fair trial.

Noe also contends that the R&R erred when it found no error related to the trial court's denial of his motion to change venue. The R&R gives a thorough review of Noe's claim, examining the voir dire conducted by the trial court and all of the sources of pretrial publicity. Noe fails to even attempt to identify legal error in the R&R. Instead, Noe makes statements contending that the prejudice is "so subtle" that is "occurs without jurors actually being aware that it has occurred." Doc. 20-1 at 5. In other words, Noe contends that the jurors' statements during voir dire that they were not swayed by media coverage should be given less weight because these jurors were in fact *subconsciously* prejudiced by the coverage. As Noe has failed to argue any error in the factual or legal analysis conducted in the R&R, he has not demonstrated an entitlement to relief.

Finally, while Noe has not properly objected to the change of venue analysis in the R&R, the Court would note that, as in any claim related to pretrial publicity, there is a spectrum that must be reviewed. At a certain point on that spectrum, prejudice will be presumed. A fully independent review by this Court leads to the conclusion that the publicity surrounding Noe falls close enough on that spectrum where a reasonable jurist could have presumed prejudice.[1] However, that fact does not render the decision of the trial judge unreasonable. In other words, Noe has not demonstrated that the pretrial publicity was so intense that a presumption of prejudice was the *only* reasonable decision that could be reached. Accordingly, he cannot meet the high burden imposed by the AEDPA standard.

---

[1] In fact, upon review of the record in this matter, the undersigned would have granted Noe's change of venue request had he presided over the matter for trial. AEDPA deference, however, does not allow for the undersigned to simply substitute his judgment for that of the original trial judge.

Noe's objections are overruled. The R&R is adopted, and the petition is hereby DENIED AND DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. There is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

September 30, 2014 /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT